IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SANDRA D. PATTERSON,<br>*Plaintiff*<br>v.<br><br>SID PETERSON MEMORIAL HOSPITAL d/b/a PETERSON HEALTH,<br>*Defendant.* | §§§§§§§§§ Civil Action No. 5:25-cv-1414 |

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Sid Peterson Memorial Hospital, d/b/a Peterson Health and Peterson Regional Medical Center ("Defendant"), and in answer to Plaintiff Sandra D. Patterson's ("Plaintiff") Original Complaint and Jury Demand ("Original Complaint") filed in this action on November 2, 2025 [Dkt. No. 1], states as follows, the paragraphs being numbered to correspond to the numbering of the Original Complaint.

**DEFENDANT'S ORIGINAL ANSWER**

**I. INTRODUCTION**

1.  In response to the allegations in Paragraph 1 of the Original Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 621, *et. seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA") and Tex. Lab. Code § 21.001, *et. seq.*, but denies any wrongdoing and further denies that Plaintiff is entitled to any relief in connection with her claims. Defendant further admits that it employed Plaintiff beginning on March 2, 1983, and

it terminated Plaintiff's employment effective June 4, 2024. Defendant denies the remaining allegations in Paragraph 1.

## II. PARTIES

2. In response to the allegations in Paragraph 2 of the Original Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's county of residence. Defendant admits the remaining allegations.

3. Defendant admits the allegations in Paragraph 3 of the Original Complaint and further admits it has been served in this action.

## III. JURISDICTION, VENUE, AND EXHAUSTION

4. In response to the allegations in Paragraph 4 of the Original Complaint, Defendant states that the allegations are statements/conclusions of law and do not contain factual allegations requiring admission or denial. To the extent a response is required, Defendant admits this Court has subject-matter jurisdiction over Plaintiff's claims and that venue is appropriate in this judicial district but denies that Plaintiff is entitled to any relief in connection with Plaintiff's claims.

5. In response to the allegations in paragraph 5 of the Original Petition, Defendant states that the allegations are statements/conclusions of law and do not contain factual allegations requiring admission or denial. To the extent a response is required, Defendant admits the allegations.

## IV. FACTUAL BACKGROUND

6. Defendant admits the allegations in Paragraph 6 of the Original Complaint.

7. In response to the allegations in Paragraph 7 of the Original Complaint, Defendant denies Defendant promoted Plaintiff to Benefits Coordinator in 1999. Defendant admits

Defendant moved Plaintiff to the position of Human Resources Benefits Coordinator effective March 4, 2003, and terminated Plaintiff's employment effective June 4, 2024.

8. In response to the allegations in Paragraph 8 of the Original Complaint, Defendant admits that Plaintiff received the Duane Packard (Employee of the Year) Award in 2009 but denies the remaining allegations.

9. In response to the allegations in Paragraph 9 of the Original Complaint, Defendant admits Plaintiff was the oldest employee in Defendant's Human Resources Department, and Plaintiff was 61 years of age, in 2023. Defendant denies the remaining allegations.

10. Defendant denies the allegations in Paragraph 10 of the Original Complaint.

11. In response to the allegations in Paragraph 11 of the Original Complaint, Defendant admits only that Defendant directed Plaintiff to assist with the training of Human Resources Generalist Becky Donis ("Donis") (30 years of age at the time) after Plaintiff requested additional help to successfully perform the tasks in her role. Defendant denies the remaining allegations.

12. In response to the allegations in Paragraph 12 of the Original Complaint, Defendant admits only that it terminated Plaintiff's employment effective June 4, 2024. Defendant denies the remaining allegations.

13. In response to the allegations in Paragraph 12 of the Original Complaint, Defendant admits that Donis (30 years of age at the time) succeeded Plaintiff in the Human Resources Benefits Coordinator position effective July 15, 2024. Defendant denies the remaining allegations.

14. Defendant denies the allegations in Paragraph 14 of the Original Complaint.

## V. CAUSES OF ACTION

### Count I – Age Discrimination in Violation of the Age Discrimination in Employment Act

15.     In response to the allegations in Paragraph 15 of the Original Complaint, Defendant hereby incorporate by reference the above responses in Paragraphs 1-14, above, as though fully set forth herein.

16.     Defendant denies the allegations in Paragraph 16 of the Original Complaint and further denies that Plaintiff is entitled to any relief whatsoever by way of this action.

### Count II – Age Discrimination in Violation of the Texas Commission on Human Rights Act

17.     In response to the allegations in Paragraph 17 of the Original Complaint, Defendant hereby incorporates by reference the above responses in Paragraphs 1-16, above, as though fully set forth herein.

18.     Defendant denies the allegations in Paragraph 18 of the Original Complaint and further denies that Plaintiff is entitled to any relief whatsoever by way of this action.

## VI. DAMAGES

19.     Paragraph 19 of the Original Complaint contains Plaintiff's request for damages, which is a statement and/or conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Original Complaint and further denies that Plaintiff is entitled to any relief whatsoever by way of this action, including damages or equitable relief.

## VII. DEMAND FOR JURY TRIAL

20.     Paragraph 20 contains Plaintiff's jury demand and, as such, no response is required.

## VIII. PRAYER

In response to Plaintiff's requests for relief in her Prayer, Defendant denies that Plaintiff is entitled to any relief whatsoever by way of this action, including damages or equitable relief.

Any factual allegation contained herein that is not admitted by Defendant is expressly denied.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to mitigate any damages she may have suffered by virtue of Defendant's actions, and the damages, if any, sustained by Plaintiff should be reduced by the value of the wages, benefits, and payments in lieu of wages which Plaintiff has received since the events of which Plaintiff complains.

2. Any claims alleged in the Original Complaint that were not raised in a charge of discrimination filed with the Equal Employment Opportunity Commission within 300 days of the date of the alleged wrongful conduct, and any claims under the Texas Commission on Human Rights Act ("TCHRA") that were not raised in a charge of discrimination filed with the Texas Workforce Commission – Civil Rights Division (TWCCRD) within 180 days of the alleged wrongful conduct, are barred due to Plaintiff's failure to exhaust her administrative remedies and the applicable statute of limitations.

3. Any claims alleged in the Original Complaint that occurred outside the statute of limitations provided for in the Age Discrimination in Employment Act of 1967, as amended and codified at 29 U.S.C. 621 *et. seq.* (the "ADEA"), and the Texas Commission on Human Rights Act ("TCHRA"), Chapter 21 of the Texas Labor Code, are barred. Specifically, to the extent Plaintiff filed suit more than 60 days after receiving her Notice of Right to File Civil Action from

the TWCCRD or more than 90 days after receiving her Dismissal and Notice of Rights from the EEOC, her claims are barred by limitations.

4. All employment actions taken by Defendant with respect to Plaintiff were based on neutral and non-discriminatory reasons, including the legitimate exercise of managerial discretion and legitimate business needs.

5. Plaintiff's claims for compensatory and punitive damages are subject to the limitations set by the Texas Commission on Human Rights Act.

6. Plaintiff is not entitled to compensatory damages for mental anguish, pain, suffering, humiliation, or loss of employment under the ADEA. Further, Defendant did not act in a "willful" manner that would support liquidated damages under the ADEA.

7. Defendant expressly denies that any of its employees, officers or agents acted in any manner that would constitute discrimination; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant.

8. Any adverse employment actions related to Plaintiff's employment were based on a reasonable factor other than age.

9. Defendant would have made the same decision to terminate Plaintiff's employment regardless of her age.

10. To the extent Plaintiff makes a claim for harassment, Defendant relies on the *Faragher-Ellerth* affirmative defense in that it maintained reasonable policies, procedures, and practices to prevent, investigate, and remediate claims of discrimination and/or harassment. Plaintiff's claims further fail to the extent Defendant exercised reasonable care to prevent and promptly correct any discriminatory and/or harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

11. Plaintiff's pleading, to the extent it seeks exemplary or punitive damages, violates Defendant's right to procedural and substantive due process under the Texas Constitution and the United States Constitution, and therefore fails to state a claim upon which relief may be granted.

12. None of the alleged employment actions with respect to Plaintiff were done willfully, knowingly, intentionally, with malice, with specific intent to cause injury, or with reckless indifference to Plaintiff's rights.

13. Defendant cannot be vicariously liable for discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination and retaliation. As a result, Plaintiff is not entitled to recover punitive or exemplary damages. *See Kolstad v. Amer. Dental Ass'n.*, 527 U.S. 526 (1999).

14. Defendant reserves the right to assert additional defenses during the course of this action.

## PRAYER

WHEREFORE, Defendant Sid Peterson Memorial Hospital, d/b/a Peterson Health and Peterson Regional Medical Center requests that Plaintiff take nothing by this action, that Plaintiff's Original Complaint be dismissed with prejudice, and that Defendant be awarded such other relief that the Court may deem as proper and just.

Dated: December 5, 2025          Respectfully submitted,

**LANGLEY & BANACK, INC.**

By:     */s/ Mark A. McNitzky*
        Mark A. McNitzky
        Texas Bar No. 24065730
        mmcnitzky@langleybanack.com

745 E. Mulberry Ave., Ste. 700
San Antonio, Texas 78212
Telephone:    (210) 736-6600
Facsimile:     (210) 735-6889

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 5th of December 2025, a true and correct copy of the foregoing document was delivered via ECF Notification to:

Christopher J. McKinney
The McKinney Law Firm, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
chri@themckinneylawfirm.com

*ATTORNEYS FOR PLAINTIFF*

                  *Mark A. McNitzky*
                  Mark A. McNitzky