UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA D. PATTERSON, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:25-CV-1414-JKP (RBF) |
| SID PETERSON MEMORIAL HOSPITAL d/b/a PETERSON HEALTH, | § § § § § | |
| Defendant. | § § | |

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff, SANDRA D. PATTERSON, and Defendant, SID PETERSON MEMORIAL HOSPITAL d/b/a PETERSON HEALTH have conferred and submit the following report:

The parties conferred on **March 2, 2026.** Christopher McKinney was present for the Plaintiff. Mark A. McNitzkywas present for the Defendant.

1) Jurisdiction

   a) The parties are not aware of any outstanding jurisdictional issues.

2) Service

   a) There are no unserved parties.

3) Elements of Claims and Defenses

   a) Plaintiff's Claim

      i) Age Discrimination – Plaintiff asserts claims of age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 et seq. Plaintiff was employed by

    Defendant for more than forty years, most recently as Benefits Coordinator. Plaintiff alleges that she was unlawfully terminated because of her age and replaced by a substantially younger, less experienced employee. Plaintiff is required to prove that her age was the "but-for" cause of her termination under the ADEA or a motivating factor under the TCHRA. Plaintiff alleges that Defendant's stated reason for termination – that she was "no longer a good fit" – is false and pretextual, and that the true reason for her termination was her age.

 b) Defendant's Defenses

   i) Defendant denies Plaintiff's claims and alleges that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons, including the legitimate exercise of managerial discretion and legitimate business needs. Defendant further alleges that it would have made the same decision regardless of Plaintiff's age and that any actions taken with respect to Plaintiff were based on a reasonable factor other than age. Defendant also hereby incorporates by reference all defenses and affirmative defenses asserted in Defendant's Original Answer and Defenses ("Answer") filed in this matter on December 5, 2025 (Dkt. No. 6).

4) <u>Agreements or Stipulations</u>

 a) The parties agree and stipulate to the following:

   i) The parties agree and stipulate that the Court has jurisdiction over the parties and the claims in the case.

 b) The parties agree to accept service electronically in this matter via email to their respective attorneys of record.

5) <u>26(f)(3) Discovery Plan</u>

    a) Initial Disclosures – The parties agree to produce their Initial Disclosures on or before **<u>April 2, 2026</u>**.

    b) Discovery Plan:

        i) Discovery will be needed on the following subjects:

            (1) Plaintiff's allegations regarding her claims of age discrimination pursuant to the ADEA and the Texas Commission on Human Rights Act;

            (2) The circumstances surrounding Plaintiff's termination and replacement;

            (3) The alleged damages sought by Plaintiff and any efforts to mitigate those damages;

            (4) Defendant's alleged affirmative defenses as set forth in the Answer and any other defenses that may become applicable during discovery;

            (5) Defendant's stated reason(s) for discharging the Plaintiff's employment;

            (6) all other issues raised by the pleadings;

            (7) any expert disclosures;

            (8) all other matters that will reasonably lead to the discovery of admissible evidence.

            (9) Discovery should be completed by **<u>September 21, 2026</u>** (as proposed in the parties' Joint Proposed Scheduling Recommendations).

c) A set of Joint Proposed Scheduling Recommendations is being filed separately by the parties.

d) The parties do not currently anticipate the need for any change to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Court Rules of the United States District Court for the Western District of Texas.

e) Electronically Stored Information – The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

   i) Relevant information – At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

   (1) Documents and other records stored by Plaintiff on Plaintiff's personal computer or otherwise relating or pertaining to those areas identified in Paragraph 3 above;

   (2) Documents and other records stored by Defendant on Defendant's computers or otherwise relating or pertaining to those areas identified in Paragraph 3 above.

   (3) Electronic mail (including all electronic attachments) sent to and/or from the Defendant and Plaintiff and/or decision-makers or employees of the Defendant using the Defendant's e-mail during the relevant time period relating to Plaintiff's employment and/or the incidents at issue;

   (4) Any electronically stored information on devices controlled by the

        parties and employees of the parties who are identified as persons with relevant knowledge by the parties, including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications, relating or pertaining to those areas identified in paragraph 3 above.

  ii)   <u>Form of production/preservation</u>: The parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable. The Parties agree to initially attempt production of ESI in the production format requested by the receiving party, as follows:

    (1)   ESI should be produced in PDF format. While documents may initially be produced in Bates numbered .PDF format, the receiving party reserves the right to request in writing that certain electronically-stored information (ESI) be re-produced in their native format with metadata intact.

    (2)   Should a party not be able to produce ESI in the format requested by opposing party, the parties agree to work together in good faith to effectuate the production of ESI in an efficient and cost-effective manner in a format usable by all parties.

6)   <u>Discovery</u>

  a)   The parties do not believe that discovery will need to be conducted in phases.

7) <u>Discovery Disputes</u>

    a) Currently no discovery disputes exist between the parties.

8) <u>Federal Rule of Evidence 502</u>

    a) The undersigned counsel for the parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

        i) The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

        ii) The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

9) <u>Mediation</u>

    a) The parties are engaged in ongoing discussions regarding mediation and whether this matter would benefit from pre-discovery mediation. The parties propose

providing the Court with a recommendation regarding mediation in the form of an ADR Report in compliance with Local Rule CV-88 on or before **April 15, 2026**.

Respectfully submitted,

*By: /s/ Christopher J. McKinney*

**CHRISTOPHER J. MCKINNEY**
State Bar No. 00795516
THE MCKINNEY LAW FIRM, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
Telephone: (210) 832-0932
Facsimile: (210) 568-4101
chris@themckinneylawfirm.com

**COUNSEL FOR PLAINTIFF**

*By: /s/ Mark A. McNitzky*

**MARK A. MCNITZKY**
State Bar No. 24065730
LANGLEY & BANACK, INC.
745 E. Mulberry Ave., Ste. 700
San Antonio, Texas 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889
mmcnitzky@langleybanack.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on March 6, 2026, I filed the foregoing Joint Rule 26(f) Report with the Court's Electronic Case Filing system, which will send notice of such filing to the following counsel of record:

**CHRISTOPHER J. MCKINNEY**
State Bar No. 00795516
THE MCKINNEY LAW FIRM, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
Telephone: (210) 832-0932
Facsimile: (210) 568-4101
chris@themckinneylawfirm.com

**COUNSEL FOR PLAINTIFF**

*/s/ Mark A. McNitzky*
Mark A. McNitzky