IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA D. PATTERSON, *Plaintiff*, | § | 5:25-CV-01414-RBF |
| vs. | § | |
| SID PETERSON MEMORIAL HOSPITAL, *Defendant*. | § | |

**SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the disposition of this case will be controlled by the following order. If a deadline set in this order falls on a weekend or a holiday, the effective date for that deadline will be the next business day.

1. Expert Testimony Objection: An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 must be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, *within 11 days after receipt of the written report* of the expert's proposed testimony, or *within 11 days after the expert's deposition*, if a deposition is taken, *whichever is later*. The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e)(2) is March 15, 2027. The parties, however, are advised that supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[1]

2. Alternative Dispute Resolution ("ADR"): A report on ADR in compliance with Local Rule CV-88 shall be filed on or before April 5, 2027. The parties are reminded that all ADR proceedings must be completed not later than 60 days before the date of the trial setting.

3. Discovery:

   a. The parties must complete all discovery by March 22, 2027.

[1] *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) (quotations omitted).

b. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline. *See* Local Rule CV-16(e).

c. Counsel may by agreement continue discovery beyond the deadline. *The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting will be vacated because of information obtained in post-deadline discovery*. *See* Local Rule CV-16(e).

4. Pretrial Motions:

a. All dispositive motions shall be filed by May 10, 2027. Dispositive motions and responses to dispositive motions are limited to 20 pages in length, and any reply in support of a dispositive motion is limited to 10 pages in length. *See* Local Rules CV-7.

b. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

5. Final Pretrial Order: The deadline to file a Final Joint Pretrial Order and any motion in limine is June 1, 2027. Responses to motions in limine are due seven (7) days after the motion is filed.

All attorneys are responsible for preparing the Joint Final Pretrial Order, which must contain the following:

(1) a list of each party, its counsel, and counsel's address and telephone number in separate paragraphs;

(2) a brief statement of the case, one that the judge could read to a jury panel for an introduction to the facts and parties;

(3) a short statement identifying the Court's jurisdiction. If there is an unresolved or potential jurisdictional question, explain it;

(4) a summary of the remaining claims and defenses of each party;

(5) a list of facts all parties have reached agreement upon;

(6) a list of contested issues of fact;

(7) a list of the legal propositions that are not in dispute;

(8) a list of contested issues of law;

(9) a list of all exhibits expected to be offered;

> At least fourteen (14) days before the Final Joint Pretrial Order is due, counsel will make all exhibits, including documentary and demonstrative exhibits, available for examination by opposing counsel. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(10) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(11) the name of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony;

(13) an estimate of the length of trial;

(14) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including general and specific instructions, definitions, and verdict form[2], with citations to authority provided in footnotes;

> The parties' proposed charge should be joint to the extent possible. To the extent there are disagreements on an instruction or question, the joint submission should specifically note such disagreement.

(15) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(16) the signatures of all attorneys; and

(17) a place for the date and the signature of the presiding judge.

The parties are advised to consult Local Rule CV-16(g) for objections that must be filed in advance of the final pretrial conference. Any objection must provide the specific basis for the objection sufficient to enable the Court to identify the

---

[2] For cases governed by Texas substantive law, jury instructions are separate from verdict questions. In addition to general instructions, which follow the Fifth Circuit Pattern Jury Charge, the Court must submit specific instructions to the jury outlining the elements of each claim, as well as questions on damages.

objectionable evidence and evaluate the objection.[3] Objections not timely lodged shall be deemed waived or forfeited unless the untimeliness is excused by the Court for good cause shown.

6. Final Pretrial Conference: The final pretrial conference is set for June 15, 2027 at 10:30 a.m. Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order.

7. Trial Date: Jury selection and trial will be held in the month of July, 2027. The Court, at a later date, will set specific dates for trial. Often the trial dates will be set at the final pretrial conference, after the Court rules on any dispositive motions, or after the deadline for such motions passes without a pertinent filing. But the Court reserves the right to set trial dates sooner if needed. ***The parties should not expect that this trial month will be moved except in response to a significant showing of extenuating circumstances***.

**IT IS SO ORDERED**.

**SIGNED** this 5th day of November, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

[3] Generic or nonspecific objections, such as a "hearsay" objection to an entire document that contains both inadmissible hearsay and admissible evidence, may result in a forfeiture of the objection.